310 So.2d 436 (1975)
COUNTRY CLUB OF MIAMI CORPORATION, Petitioner,
v.
Margaret M. McDANIEL, Respondent.
No. 75-136.
District Court of Appeal of Florida, Third District.
April 8, 1975.
*437 Pettigrew & Bailey, and Thomas A. Gribbin, Miami, for petitioner.
Melvin A. Rubin, Miami, for respondent.
Before BARKDULL, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
This is a petition for writ of certiorari presented by the defendant, Country Club of Miami Corporation, for review of the trial court's denial of the defendant's motion to dismiss.
The plaintiff, Margaret M. McDaniel, filed her complaint for breach of contract, praying for compensatory damages in the amount of $2,019.85 and for punitive damages in excess of $5,000.00 "for the oppressive and malicious and wanton disregard by the Defendant of its obligations" under the subject real estate purchase agreement. The defendant answered the complaint and then moved to dismiss for lack of subject matter jurisdiction in that the claim did not meet the $2,500.00 jurisdictional requirements of the circuit court and that plaintiff was not entitled to a claim for punitive damages for breach of contract without alleging an independent tort. The trial court determined "that Plaintiff is entitled to a claim for punitive damages upon a claim for willful breach of contract, thereby fulfilling the jurisdictional requirements of the Circuit Court" and the motion was denied.
Count I of the plaintiff's complaint sets forth allegations for breach of contract. Count II, entitled "Punitive Damages," sets forth allegations as to defendant's willful disregard of its contractual obligations. There are no other counts or claims. Generally, punitive damages are not recoverable for breach of contract; but where the acts constituting a breach of contract also amount to a cause of action in tort, there may be recovery of exemplary damages upon proper allegations and proof of intentional wrong, insult, abuse or gross negligence constituting an independent tort. Griffith v. Shamrock Village, Fla. 1957, 94 So.2d 854, 858. In Count II, the plaintiff fails to allege a willful, independent tort, separate and apart from the breach of contract upon which punitive damages might be claimed.
Accordingly, the petition for writ of certiorari is granted and the order denying the defendant's motion to dismiss is quashed. This cause is remanded to the trial court with directions to strike Count II from the complaint and to transfer the cause to the county court for final disposition on its merits. Rule 1.060(a), R.C.P.
It is so ordered.