314 So.2d 224 (1975)
Donald LLOYD and Giant Motor Corporation, D/B/a G.M.C. Agent, Inc., Appellants,
v.
Harry DeFERRARI, Appellee.
No. 74-1325.
District Court of Appeal of Florida, Third District.
May 27, 1975.
Rehearing Denied July 2, 1975.
*225 Rudolph Browd, Miami, for appellants.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami and Scott A. DiSalvo, Miami, for appellee.
Before BARKDULL, C.J., HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This appeal is by the defendants below from an adverse judgment entered on a jury verdict for compensatory and punitive damages.
The facts disclosed in the record included the following. The individual defendant Lloyd, with another party, owned all of the stock of the defendant corporation. The plaintiff negotiated with Lloyd for the purchase of a boat. Lloyd represented he had purchased the boat two years previously. He offered it for sale to the plaintiff for $5,000. Plaintiff purchased the boat and made certain improvements. Thereafter it was discovered the boat had been stolen some months earlier, sold to a third party (for $2,500, which was approximately one-third of its value), and thereafter transferred to the defendant corporation. There was basis in the evidence for the finders of fact to conclude the defendants sold the boat knowing it was stolen property, by representing it to be otherwise.
The plaintiff filed action charging breach of warranty of title, and in a separate count charging fraud and misrepresentation. Compensatory and punitive damages were sought. On trial, the jury was charged by the court on the elements of compensatory damages on the warranty count, and on the fraud count the court properly charged the jury with reference to damages including punitive damages. The jury returned a verdict in favor of the plaintiff for compensatory damages, and for punitive damages against both defendants.
We hold no reversible error has been shown. The court correctly denied the defendants' motion for a directed verdict. The finding of the jury in favor of the plaintiff, on liability under the two counts, was supported by competent substantial evidence. The count on breach of warranty of title was proved against the seller corporation. The count on fraud and misrepresentation was adequately substantiated by the evidence. The contention of the appellant Lloyd that a verdict against him on the latter count was not justified on the evidence, is without merit. Ramel v. Chasebrook Construction Company, Fla.App. 1961, 135 So.2d 876; Levenstein v. Sapiro, Fla. 1973, 279 So.2d 858.
On the facts of the case punitive damages were appropriate to be allowed as a matter of law. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 221; Lehman v. Kings, Inc., Fla.App. 1965, 181 So.2d 228; Associated Heavy Equipment Schools, Inc. v. Masiello, Fla.App. 1969, 219 So.2d 465; City of Hollywood v. Coley, Fla.App. 1971, 258 So.2d 828; Rinaldi v. Aaron, Fla. 1975, 314 So.2d 762 (Opinion filed April 30, 1975). No contention of excessiveness of the damages awarded was preserved and argued in the appellants' brief.
The judgment is affirmed.