314 So.2d 633 (1975)
ROGER HOLLER CHEVROLET COMPANY, a Florida Corporation, Appellant,
v.
Douglas ARVEY and Charlotte Arvey, His Wife, Appellees.
No. 73-1267.
District Court of Appeal of Florida, Fourth District.
June 20, 1975.
Rehearing Denied July 18, 1975.
Joseph P. Baker, Orlando, for appellant.
Lionel H. Silberman, Orlando, for appellees.
PER CURIAM.
Appellees sued appellant in two counts, 1) for conversion of their automobile, and 2) for fraud and deceit for knowingly selling them an automobile with a false odometer reading.
The case was tried without a jury. From the proof adduced and the final judgment entered it is apparent the trial court found for the appellees on the count based upon fraud and deceit. The judgment contains various items of compensatory damages totaling $1,286.65 and $5,000 punitive damages. Among the compensatory damages awarded is an item for *634 loss of use of the automobile. We are unable to find any basis in the record therefor, either in the pleadings or the proof. In addition, the ad damnum clause in the second count demands $2,000 for punitive damages. Unquestionably punitive damages are recoverable in a case such as this if the facts justify such an award. See cases cited at Annot: Sales  Used Automobiles  Warranty, 36 A.L.R.3d 125, 226-230; cf. Brown v. Cahill, Fla.App. 1963, 157 So.2d 871. However, the court should not award punitive damages in an amount greater than that sought in the ad damnum clause, for that would constitute a surprise at trial. Compare Fain v. Cartwright, 132 Fla. 855, 182 So. 302 (1938), with Chasin v. Richey, Fla. 1957, 91 So.2d 811.
Accordingly, the cause is remanded to the trial court with directions to amend the final judgment by eliminating the amount awarded for loss of use and by reducing the punitive damages to $2,000.
Affirmed as modified.
OWEN, C.J., and CROSS and DOWNEY, JJ., concur.