511 So.2d 1031 (1987)
Fannie Gordon DIAMOND, Appellant,
v.
Herman ROSENFELD and Rose Rosenfeld, Appellees.
Herman ROSENFELD and Rose Rosenfeld, Appellants,
v.
Leslie J. HENION, and Elizabeth S. Henion, Appellees.
Nos. 4-86-1204, 4-86-1221.
District Court of Appeal of Florida, Fourth District.
August 5, 1987.
On Motion for Rehearing September 23, 1987.
*1032 Frank G. Cibula, Jr., of Cibula, Gaunt & Pratt, West Palm Beach, for appellant Diamond.
Kevin J. Carroll of Davis, Critton, Hoy & Diamond, West Palm Beach, for appellees/appellants Rosenfeld.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Roth & Romano, West Palm Beach, for appellees Henion.
WEBSTER, PETER D., Associate Judge.
These two consolidated appeals have their genesis in a dispute among neighbors. All are elderly, and all resided in the same condominium.
In 1979, shortly after the Rosenfelds moved to the condominium, the Henions complained about the Rosenfelds' dog's barking. The Rosenfelds gave the dog away, but this proved to be only the beginning of the dispute. Mr. Rosenfeld, a retired cabinet maker, did woodworking, as a hobby, in his laundry room. The Henions complained about the noise generated by the woodworking, eventually bringing the matter before the board of the condominium association. At a meeting of the association, the board agreed to allow Mr. Rosenfeld to continue his hobby, subject to certain restrictions.
According to the Henions and Mrs. Diamond, as the parties were leaving the association meeting, Mr. Rosenfeld struck Mr. Henion without provocation, causing Mr. *1033 Henion to fall to the ground. A criminal complaint was made against Mr. Rosenfeld, alleging a battery. The ensuing criminal trial resulted in an acquittal. The Henions then filed a civil action against Mr. Rosenfeld, alleging a battery. It ended with a jury verdict in favor of Mr. Rosenfeld. Mrs. Diamond testified at both trials that Mr. Rosenfeld had hit Mr. Henion.
About six months after the Henion civil trial, Mrs. Diamond filed a criminal complaint against Mr. Rosenfeld, alleging that he struck her repeatedly as she was leaving the Henions' condominium. At the criminal trial that followed, Mr. Rosenfeld was again acquitted. Mrs. Diamond then filed a civil action against Mr. Rosenfeld, which ended with a jury verdict in favor of Mr. Rosenfeld. Mrs. Henion testified in both trials that Mr. Rosenfeld had hit Mrs. Diamond.
The present appeals are from round five of the litigation. The Rosenfelds sued the Henions and Mrs. Diamond. The complaint was in six counts. In Counts I and II, Mr. Rosenfeld sought damages from the Henions for malicious prosecution. In Counts III and IV, Mr. Rosenfeld sought damages from Mrs. Diamond for malicious prosecution. In Count V, Mr. Rosenfeld sought damages from the Henions and Mrs. Diamond for conspiracy to prosecute him maliciously. Finally, in Count VI, the Rosenfelds sought damages from the Henions and Mrs. Diamond for intentional infliction of emotional distress.
At trial, the evidence was in conflict on virtually all issues. On the malicious prosecution claims against the Henions, there was testimony that Mr. Rosenfeld deliberately and without provocation struck Mr. Henion. However, there was also testimony that Mr. Rosenfeld never touched Mr. Henion but that, rather, Mr. Henion tripped and fell. Similarly, on the malicious prosecution claims against Mrs. Diamond, there was testimony that Mr. Rosenfeld struck Mrs. Diamond. However, there was also testimony that Mr. Rosenfeld never touched her. Essentially the same evidence was relied on to support the claim that the Henions and Mrs. Diamond had conspired to prosecute Mr. Rosenfeld maliciously, together with the inferences Mr. Rosenfeld argued could be drawn from the evidence.
On the claim for intentional infliction of emotional distress, there was evidence that Mr. Henion had threatened to shoot the Rosenfelds' dog; that the Henions repeatedly complained about noise from the Rosenfelds' apartment; that the Henions made anti-Semitic remarks about the Rosenfelds; and that the Henions succeeded in alienating some of the neighbors from the Rosenfelds. However, most of the evidence regarding this Count involved Mrs. Diamond. There was evidence that Mrs. Diamond constantly harassed Mr. Rosenfeld, calling him a cripple and a criminal and accusing him of having tried to rape her; that she repeatedly made threatening and/or harassing telephone calls to the Rosenfelds; that she cursed the Rosenfelds and their children; that she directed prayers for the dead at the Rosenfelds, their children and grandchildren; and that, in general, she did her best to make the lives of the Rosenfelds, and of Mr. Rosenfeld in particular, as miserable as possible.
By special verdict, the jury found for the Rosenfelds on all claims. With respect to the claims against the Henions, it awarded each of the Rosenfelds $5,000; and with respect to the claims against Mrs. Diamond, it awarded Mr. Rosenfeld $20,000 and Mrs. Rosenfeld $15,000.
The Henions and Mrs. Diamond moved for entry of judgments notwithstanding the verdict. As to the Henions, the trial court concluded that it should have directed a verdict in their favor at the close of the evidence because "there was insufficient evidence upon which the jury could have rendered a verdict against these Defendants." Accordingly, the trial court entered a judgment notwithstanding the verdict in favor of the Henions on all claims. However, the trial court denied Mrs. Diamond's motion for judgment notwithstanding the verdict, as well as her motions for new trial and for a remittitur.
The Rosenfelds have appealed the judgment notwithstanding the verdict in favor *1034 of the Henions, and Mrs. Diamond has appealed the judgment against her. She argues that there was no evidence to support the intentional infliction of emotional distress claim and that, therefore, the trial court should have directed a verdict on that claim; that the damages awarded were not supported by the evidence, and were excessive; and that, because the trial court granted a judgment notwithstanding the verdict in favor of the Henions, the jury's verdict has become inconsistent. The two appeals have been consolidated.
First, addressing the Rosenfelds' appeal of the trial court's judgment notwithstanding the verdict, the standard of review is as follows:
When, after the entry of a jury verdict, the trial court grants a motion for judgment in accordance with the movant's prior motion for directed verdict, the ruling constitutes a deferred decision on the earlier motion for a directed verdict... . Accordingly, our task in reviewing the propriety of an order granting such a motion is identical to that where an ordinary motion for directed verdict is involved. Presented with such a motion, the court must view all of the evidence in a light most favorable to the non-movant, and, in the face of evidence which is at odds or contradictory, all conflicts must be resolved in favor of the party against whom the motion has been made... . Similarly, every reasonable conclusion which may be drawn from the evidence must also be construed favorably to the non-movant... . Only where there is no evidence upon which a jury could properly rely, in finding for the plaintiff, should a directed verdict be granted.
Collins v. School Board of Broward County, 471 So.2d 560, 563 (Fla. 4th DCA 1985). Applying this standard, we are of the opinion that the trial court correctly granted the Henions a judgment notwithstanding the verdict on the conspiracy and the intentional infliction of emotional distress claims.
As to the conspiracy claim, all of the evidence was circumstantial. "[C]ircumstantial evidence is sufficient, if it meets the standards required in civil cases generally, to sustain a verdict for a plaintiff in an action for damages arising out of an alleged conspiracy." Anheuser-Busch, Inc. v. Campbell, 306 So.2d 198, 200 (Fla. 1st DCA 1975). However, in a civil case, a fact may be established by circumstantial evidence alone only when the inference sought to be created by such circumstantial evidence outweighs all reasonable inferences to the contrary. Tucker Brothers, Inc. v. Menard, 90 So.2d 908 (Fla. 1956). The circumstantial evidence offered to establish a conspiracy to prosecute Mr. Rosenfeld maliciously fails to create such an inference.
As to the intentional infliction of emotional distress claim, the facts must be "`so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.'" Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277, 279 (Fla. 1985). "[I]t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." Scheller v. American Medical International Inc., 502 So.2d 1268, 1271 (Fla. 4th DCA 1987). The trial court correctly concluded that, viewed in a light most favorable to the Rosenfelds, as a matter of law, the evidence presented did not satisfy this test.
However, we believe that it was error to grant a judgment notwithstanding the verdict in favor of the Henions on the malicious prosecution claims. True, the evidence was in sharp conflict. However, viewed in a light most favorable to Mr. Rosenfeld, there was sufficient evidence from which the jury might conclude, as it did, that the criminal and civil actions instituted by the Henions amounted to malicious prosecution.
We next address Mrs. Diamond's appeal of the judgment entered against her pursuant to the jury's verdict. We agree, first, that the trial court should have directed a verdict in her favor on the intentional infliction of emotional distress claim. While it is true that, viewed in a light most favorable to the Rosenfelds, Mrs. Diamond's conduct *1035 was reprehensible, we do not believe that her conduct can be said to have been "`so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.'" Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277, 279 (Fla. 1985). All of the appellate decisions in this State addressing the tort of intentional infliction of emotional distress have clearly suggested that it be narrowly construed and applied only when the facts would be sufficient to arouse such overwhelming aversion in the average person that he or she would exclaim, "Outrageous!" No decision has extended this tort to fact situations such as that presented here; nor are we prepared to do so.
Mrs. Diamond argues that, when the trial court granted the Henions a judgment notwithstanding the verdict on the conspiracy claim, it created an inconsistency in the verdict because there was no longer anyone with whom she could have conspired. Because we believe that the trial court was correct in its conclusion that there was insufficient evidence to support the jury's verdict against the Henions on the conspiracy claim, it becomes necessary, for purposes of consistency, to likewise conclude that there was insufficient evidence to support the jury's verdict on that claim as to Mrs. Diamond. Therefore, it was error for the trial court to decline to grant a judgment notwithstanding the verdict in favor of Mrs. Diamond on that claim.
We come next to Mrs. Diamond's arguments regarding the amount of damages awarded. There was ample evidence to support the jury's verdict that she had maliciously prosecuted Mr. Rosenfeld. The jury awarded Mr. Rosenfeld $20,000 in damages. We do not find this amount excessive on the facts, despite Mrs. Diamond's argument to the contrary. However, there is another, much more troubling, problem regarding damages. It is created by the form of the verdict.
The verdict form had six questions. The first three related to the claims against Mrs. Diamond, and the last three related to the claims against the Henions; otherwise, the first three questions and the last three questions were identical. Questions 1 and 4 asked whether Mrs. Diamond and the Henions, respectively, had "maliciously and without probable cause institute[d] or continue[d] or conspire[d] to institute or continue any of the legal proceedings against HERMAN ROSENFELD." The jury answered both questions in the affirmative. Questions 2 and 5 asked whether Mrs. Diamond and the Henions, respectively, had "wrongfully and outrageously inflict[ed] emotional distress on HERMAN ROSENFELD and ROSE ROSENFELD." Again, the jury answered both questions in the affirmative. Finally, questions 3 and 6 asked for "the total amount of damages ... sustained by PLAINTIFFS HERMAN ROSENFELD AND ROSE ROSENFELD" as a result of the actions of Mrs. Diamond and the Henions, respectively. The jury answered question 3 by awarding $20,000 to Mr. Rosenfeld and $15,000 to Mrs. Rosenfeld, and question 6 by awarding $5,000 to Mr. Rosenfeld and $5,000 to Mrs. Rosenfeld.
As we have already indicated, only the malicious prosecution claims of Mr. Rosenfeld against Mrs. Diamond and the Henions should have been presented to the jury. The problem arises because the verdict form does not differentiate between damages awarded for malicious prosecution and damages awarded for intentional infliction of emotional distress, although each claim is distinct and has a separate measure of damages. In a very recent decision involving a similar problem, the Supreme Court has held that, in such a situation, the "two-issue rule" [see Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1977)] does not apply, and that reversal is required. First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla. 1987). There, the Supreme Court said:
This rule [i.e., the "two-issue rule"] applies to those actions that can be brought on two theories of liability, but where a single basis for damages applies. For instance, in products liability, the claim can be brought on both negligence and *1036 breach of implied warranty, but the measure of damages for the resulting personal injury is the same. That is not the circumstance in the instant case. Here, the fraud claim for failure to construct a nature trail and the claim for damages because of reduction in value of respondents' properties for the failure to complete the trail is distinct from the claim of diminished property values for the misrepresentation of the project as oceanfront. Each claim is distinct and has a separate measure of damages. Finding liability on one claim does not entitle the respondents to receive the total amount of damages attributable to both theories of liability. We will not presume that petitioners were not prejudiced by the improper submission of the nature trail issue to the jury. Consequently, the jury's compensatory damage award must be reversed.
511 So.2d at 538. Thus, while we do not believe that the awards of $20,000 and $5,000 against Mrs. Diamond and the Henions, respectively, are excessive on the malicious prosecution claims, because First Interstate Development Corp. appears to be on point, we are constrained to remand the malicious prosecution claims against both Mrs. Diamond and the Henions for a new trial on damages.
In summary, regarding the Henions, we affirm the trial court's judgment notwithstanding the verdict on the conspiracy and the intentional infliction of emotional distress claims; reverse the judgment notwithstanding the verdict on the malicious prosecution claims; and remand for a new trial on damages as to the latter claims. Regarding Mrs. Diamond, we reverse the trial court's denial of a directed verdict on the conspiracy and the intentional infliction of emotional distress claims and remand with directions that a judgment be entered in favor of Mrs. Diamond on those claims; affirm the denial of a directed verdict on the malicious prosecution claims; and remand the latter claims for a new trial on damages.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
GUNTHER and STONE, JJ., concur.

ON MOTION FOR REHEARING
WEBSTER, PETER D., Associate Judge.
In its opinion in these two consolidated appeals, filed on August 5, 1987, the Court, inter alia, reversed in part the trial court's judgment notwithstanding the verdict in favor of appellees Mr. and Mrs. Henion. Reversing the judgment notwithstanding the verdict on the malicious prosecution claims only, we held that, "viewed in a light most favorable to Mr. Rosenfeld, there was sufficient evidence from which the jury might conclude, as it did, that the criminal and civil actions instituted by the Henions amounted to malicious prosecution." Because the special verdict returned by the jury did not segregate damages attributable to the malicious prosecution claims from damages attributable to other claims which should not have been submitted to the jury, we directed that a new trial be held, limited to the issue of damages sustained by virtue of the malicious prosecution.
In their notion for rehearing, the Henions have for the first time brought to the Court's attention the fact that, in addition to their motion for judgment notwithstanding the verdict which the trial court granted, they had filed a motion for new trial addressed to all claims, which was not ruled upon by the trial court. They request that we modify our opinion so that, on remand, the trial court will be free to consider and to rule upon their motion for new trial.
The Henions' request appears meritorious. See, e.g., Kilburn v. Davenport, 286 So.2d 241 (Fla. 3d DCA 1973); McCloskey v. Louisville & Nashville R.R. Co., 122 So.2d 481 (Fla. 1st DCA 1960). Accordingly, we are constrained to amend our previous opinion to the extent that, in Rosenfeld v. Henion, Case No. 4-86-1221, on remand the trial court should first consider and rule upon the Henions' motion for new trial. If it decides to deny that motion, it should then proceed with a new trial on the issue of damages only arising from the *1037 malicious prosecution claims, consistent with our original opinion.
We feel that it is appropriate to point out that the preferred approach when granting a motion for judgment notwithstanding the verdict in an action in which a motion for new trial has also been filed is to alternatively rule upon the motion for new trial as well. Such an approach avoids the need for piecemeal appeals, thereby promoting judicial economy. See Frazier v. Seaboard System R.R., Inc., 508 So.2d 345 (Fla. 1987); Ligman v. Tardiff, 466 So.2d 1125 (Fla. 3d DCA 1985); Stupp v. Cone Brothers Contracting Co., 135 So.2d 457 (Fla. 2d DCA 1961).
The Henions have raised an additional point in their motion for rehearing, which we find is without merit and does not require discussion.
The Henions' motion for rehearing in Case No. 4-86-1221 is GRANTED IN PART and the original opinion is modified to the extent that, on remand, the trial court should first consider and rule upon the Henions' motion for new trial.
GUNTHER and STONE, JJ., concur.