522 So.2d 1005 (1988)
Herbert RAPPAPORT, Appellant,
v.
JIMMY BRYAN TOYOTA OF FORT LAUDERDALE, INC., Appellee.
No. 87-0177.
District Court of Appeal of Florida, Fourth District.
March 30, 1988.
Rehearing Denied April 27, 1988.
Michael H. Gora of Wolff and Gora, Fort Lauderdale, for appellant.
William Robert Leonard of Leonard & Morrison, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Appellant, Herbert Rappaport, sued appellee, Jimmy Bryan Toyota of Fort Lauderdale, Inc., for compensatory and punitive damages arising out of the purchase and sale of a secondhand car. The amended complaint alleged, among other things, that appellee's "fraudulent conduct carried on *1006 by its agents and employees ... was reckless and wanton and in total disregard of the rights of the Plaintiff and was with expressed or implied maliciousness toward the Plaintiff, all to his damage and detriment."
At the close of appellee's case the trial court sustained appellee's motion for directed verdict as to plaintiff's claim for punitive damages, but denied it as to plaintiff's claim for fraud. Thus, the case went to the jury on the question of fraud perpetrated upon appellant by appellee, but not on the question of punitive damages. From a verdict and judgment for $13,500 appellant appeals contending that the trial court erred in eliminating the punitive damages claim from the case.
The rule now seems clear in Florida that a claim of fraud sufficient to justify a compensatory damage award is also sufficient to support a claim for punitive damages. In First Interstate Development Corp. v. Ablanedo, 511 So.2d 536, 539 (Fla. 1987), the Supreme Court of Florida stated:
The overwhelming weight of authority in this state makes it clear that proof of fraud sufficient to support compensatory damages necessarily is sufficient to create a jury question regarding punitive damages.
This is so because intentional misconduct is a necessary element of fraud. Indeed, to prove fraud, a plaintiff must establish that the defendant made a deliberate and knowing misrepresentation designed to cause, and actually causing a detrimental reliance by the plaintiff. See Lance v. Wade, 457 So.2d 1008, 1011 (Fla. 1984). We conclude that the district court correctly ruled that the punitive damages issue was for the jury, not the judge, to decide once a case for fraud had been made. [Footnote omitted.]
Prior to the decision of the supreme court in Ablanedo, a number of district courts of appeal, including this court in Hutchens v. Weinberger, 452 So.2d 1024 (Fla. 4th DCA), rev. denied, 459 So.2d 1040 (Fla. 1984), had taken the position that not all cases of fraud would support a punitive damages claim. That distinction is clearly not supported by the most recent pronouncement of the supreme court, which we recently followed in Ruding v. Thompson, 517 So.2d 706 (Fla. 4th DCA 1987). The rationale seems to be that the tort of fraud involves "a deliberate and knowing misrepresentation designed to cause, and actually causing detrimental reliance by the plaintiff." Ablanedo, 511 So.2d at 539. Thus, in all cases of fraud the jury is empowered to award punitive damages.
We find the rule set forth in Ablanedo controlling here and, thus, conclude that the trial court erred in directing a verdict on the punitive damages claim, which effectively precluded the jury from considering the question of punitive damages while also considering the fraud claim.
Accordingly, we reverse and remand for a new trial on punitive damages only.
LETTS and GUNTHER, JJ., concur.