HERSEY, Chief Judge.
Donald T. Swinarski appeals from a final judgment for compensatory and punitive damages based upon a jury’s finding that he intentionally inflicted emotional distress on appellees, John P. Keller and his minor daughter, Donna Lynn Keller.
Our supreme court recognized the independent tort of intentional infliction of emotional distress in Metropolitan Life v. McCarson, 467 So.2d 277 (Fla.1985), adopting Restatement (Second) of Torts § 46 (1965), as the appropriate definition of the tort:
(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.
(2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress
(a) to a member of such person’s immediate family who is present at the time, whether or not such distress results in bodily harm, or
(b) to any other person who is present at the time, if such distress results in bodily harm.
The standard by which the outrageousness of particular conduct is measured in order to determine whether it is sufficiently egregious to support a finding of intentional infliction of emotional distress originates in comment d. to the Restatement. That comment suggests, in pertinent part:
d. Extreme and outrageous conduct. The cases thus far decided have found liability only where the defendant’s conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by “malice,” or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, “Outrageous!”
On two recent occasions we have had an opportunity to measure particular facts by the standard explained in comment d. and have found the conduct in question not to be sufficiently egregious. See Diamond v. Rosenfeld, 511 So.2d 1031 (Fla. 4th DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988); Scheller v. American Medical International, Inc., 502 So.2d 1268 (Fla. 4th DCA), rev. denied, 513 So.2d 1060 (Fla.1987). We are required to do so again here. Our review of the record does not support the conclusion that the conduct in this case was so outrageous in character and “so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civi *1210 lized community.” Accordingly, we reverse the judgment below.
REVERSE.
WALDEN and STONE, JJ., concur.