922 So.2d 984 (2005)
LRX, INC., and Alan Marcus, Appellants,
v.
HORIZON ASSOCIATES JOINT VENTURE, Horizon-ANF, Inc., and WWL Holdings, Inc., Appellees.
No. 4D04-646.
District Court of Appeal of Florida, Fourth District.
May 27, 2005.
*985 Annabel C. Majewski and Roy D. Wasson of Wasson & Associates and Joel S. Perwin of Joel S. Perwin, P.A. and Joseph A. Glick of Joseph A. Glick, P.A., Miami, for appellants.
Richard A. Sherman, Sr. of the Law Offices of Richard A. Sherman, P.A., and W. Tucker Craig of Billing, Cochran, Heath, Lyles & Mauro, P.A., Fort Lauderdale, for appellee Horizon Associates Joint Venture and Horizon-ANF, Inc.
Jerold I. Budney and Arthur J. England, Jr., of Greenberg Traurig, P.A., Fort Lauderdale and Miami, for appellee WWL Holdings, Inc.
*986 FARMER, C.J.
We affirm the trial Court's grant of a new trial on the issue of damages as to a claim for libel. We write to explain why we do not find the order in violation of the law of the case arising from a previous appeal in this lawsuit. See LRX, Inc. v. Horizon Assocs. Joint Venture, 842 So.2d 881, 884 (Fla. 4th DCA 2003) (reversing judgment notwithstanding verdict on libel claim and remanding for trial judge to reconsider motion for new trial).
This case went to trial on the counter-claims of LRX and Marcus for libel, slander and tortious interference with business relationships. The jury found in favor of LRX on all claims. After the verdict Horizon filed a motion for judgment notwithstanding the verdict (JNOV), joined with an alternative motion for a remittitur or a new trial, as to a libel claim tried with the consent of the parties. Horizon also sought a new trial on the slander and tortious interference claims. The trial court entered a JNOV on the libel claim, and granted a new trial on the slander and tortious interference claims. The trial court failed to rule on Horizon's alternative motion for a new trial on the libel claim.
On the prior appeal, this Court reversed the JNOV and remanded with instructions to reinstate the verdict on the libel claim and to further consider the issue of a new trial on the other claims. On remand, the trial Court ordered a new trial on damages as to libel, saying that libel, slander and tortious interference are separate and distinct torts with differing measures of damages and that the verdict form did not differentiate damages among the separate claims. The Court let stand its previous decision to grant a new trial on the other claims. Now on appeal from the trial Court's order following remand, LRX argues that it erred by ordering a new trial on the issue of damages on the libel claim because we ordered the libel verdict reinstated, and the libel verdict included the jury's findings on both liability and damages. We disagree.
Appellant relies on the two-issue rule. The two-issue rule holds that in the absence of a proper objection to the use of a general verdict, no error can be found as to one of multiple theories of liability submitted to the jury. Whitman v. Castlewood Int'l Corp., 383 So.2d 618, 619 (Fla. 1980). The two-issue rule may be invoked only when each theory of liability has a separate measure of damages. Precision Tune Auto Care, Inc. v. Radcliffe, 804 So.2d 1287, 1292 (Fla. 4th DCA 2002).
We agree with the trial Court's determination that the two-issue rule is inapplicable. For one thing, appellees did object to the general verdict on damages and in fact specifically argued that the theories of liability  defamation (both libel and slander) and intentional interference with prospective advantage  have differing measures of damages. The tort of intentional interference does not allow recovery for humiliation and embarrassment, mental anguish, and the like, as does the tort of defamation.
For another, even if the measures of damages for defamation and intentional interference have some common elements, it does not follow that a properly instructed jury would necessarily award the same amount of damages as to each claim. See First Interstate Dev. Corp. v. Ablanedo, 511 So.2d 536, 538 (Fla.1987) ("Finding liability on one claim does not entitle the respondents to receive the total amount of damages attributable to both theories of liability."); and Diamond v. Rosenfeld, 511 So.2d 1031 (Fla. 4th DCA 1987) (rejecting argument that undifferentiated jury verdict on damages for both malicious prosecution and intentional infliction of emotional *987 distress claims should stand in spite of appellate JNOV on intentional infliction of emotional distress claim; jury verdict did not segregate damages attributable to malicious prosecution claim from damages attributable to other claims which should not have been submitted to the jury). In a particular instance, as here, it would be well within judicial discretion to find an award of identical damages on two different tort theories against the manifest weight of the evidence. We affirm the trial Judge's decision on remand in all respects.
In writing, we exhort trial courts to rule on all post trial motions in their entirety and to address in full each part of every motion. This is necessary to avoid piecemeal review. While a trial court might be convinced that a JNOV is required on a particular claim, as in this case, the judge should nevertheless address any companion motion for a new trial  even one on the same claim. Addressing and deciding all aspects of these motions is necessary to facilitate plenary review on appeal. Thor Bear, Inc. v. Crocker Mizner Park, Inc., 648 So.2d 168, 173 (Fla. 4th DCA 1994) ("In fact, we urge the trial courts to rule on such motions for new trial in order to eliminate the possibility of a second appeal.").
Affirmed.
STEVENSON J., and BROWN, LUCY CHERNOW, Associate Judge, concur.