942 So.2d 1022 (2006)
John HROMYAK, Appellant,
v.
TYCO INTERNATIONAL LTD.; Price Waterhouse Coopers, LLP.; L. Dennis Kozlowski; Michael A. Ashcroft; Joshua M. Berman; Richard S. Bodman; John F. Fort; Stephen W. Foss; Richard A. Gilleland; Philip M. Hampton; James S. Pasman, Jr.; W. Peter Slusser; Mark H. Swartz; Frank E. Walsh, Jr., Appellees.
No. 4D05-3703.
District Court of Appeal of Florida, Fourth District.
December 6, 2006.
Stephen R. Astley, Jack Reise, Paul J. Geller and David J. George, of Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP., Boca Raton, and S. Gene Cauley, Curtis L. Bowman, J. Allen Carney and Marcus N. Bozeman of Cauley, Bowman, Carney & Williams, PLLC., Little Rock, Arkansas, for appellant.
Sigrid S. McCawley, Stuart H. Singer of Boies, Schiller & Flexner, LLP., Fort Lauderdale, and Francis P. Barron and Stephen S. Madsen of Cravath, Swaine & Moore, LLP., New York, New York, for appellee Tyco International LTD.
FARMER, J.
A stockholder complains that his shareholder's suit filed in 2002 in Palm Beach County under the Securities Exchange Act of 1934 (Exchange Act) and the Securities Act of 1933 (1933 Act) was improperly dismissed on statute of limitations grounds. He argues that he is entitled to claim class action tolling of the statute of limitations on account of a 1999 class action filed in federal court. In re Tyco Int'l, 185 F.Supp.2d 102 (D.N.H.2002) (dismissing *1023 claims under Securities Exchange Act of 1934 relating to merger with United States Surgical Corporation as legally deficient, and dismissing claims under Securities Act of 1933 relating to merger with AMP Inc. as barred by statute of limitations). We disagree and affirm.
In American Pipe and Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the Court determined that class action tolling applies from commencement of the class action and continues until certification is denied. Specifically, it found that tolling was consistent with the policy behind class actions and statutes of limitations. 414 U.S. at 554-55, 94 S.Ct. 756. The Court said that the filing of the complaint operated to give timely and adequate notice to the defendant of the claims asserted and number of members asserting such rights. Moreover, it served to satisfy efficiency and economy in the courts. American Pipe held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who could have been parties had the suit been permitted to continue as a class." 414 U.S. at 554, 94 S.Ct. 756.
In Crown, Cork & Seal Company, Inc. v. Parker, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), the Court held that American Pipe's equitable tolling extended not just to intervenors in the original action but also to separately filed suits. Class action tolling thus applied to "all asserted members" who later file actions of their own. 462 U.S. at 350, 103 S.Ct. 2392. The Court explained that "unless the statute of limitations was tolled by the filing of the class action, class members would not be able to rely on the existence of the suit to protect their rights." Id.
The trial court here applied these holdings in concluding that class action tolling did not apply to the current action filed by plaintiff. First, it found that the new claims are not identical to those asserted in the earlier federal action. In the federal action, the 1933 Act claim related to the merger with AMP, and the Exchange Act claim concerned the U.S. Surgical acquisition. In this action, in contrast, the 1933 Act claim relates to the merger with U.S. Surgical Corporation. The trial court held that plaintiff's 1933 Act claim here is not identical to the Exchange Act claim in the federal action.
We find no error in the trial court's ruling. It is manifest from the court's comparison that the claims in the two actions are not identical. We agree that the American Pipe holding requires that the claims in the later action be the same as those alleged in the earlier action. If the earlier federal class action involved different claims with different classes, plaintiff would not necessarily have been a member of the earlier class. If he was not a member of the class, he could derive no benefit from its pendency. On the other hand if he had been a member, his interests would have been asserted in that litigation.
Because plaintiff's claims do not satisfy that essential ingredient for American Pipe tolling, the trial court committed no error in dismissing his claim on limitations grounds.
Affirmed.
SHAHOOD and TAYLOR, JJ., concur.