LEWIS, J.,
concurring in part, and dissenting in part.
I agree with the majority that the issues raised by R.J. Reynolds Tobacco Company (“Reynolds”) on cross-appeal must be affirmed. I also agree with the majority to certify a question to the Florida Supreme Court. However, for the reasons that follow, I would reverse the trial court’s ruling that punitive damages can only be awarded on the intentional tort claims and remand for a new trial on the issue of Mrs. Soffer’s entitlement to punitive damages on her negligence and strict liability claims only, and, if so, the amount of punitive damages.
Mrs. Soffer, as personal representative of the Estate of Maurice Benson Soffer, brought this action pursuant to Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla.2006) (“Engle III”), alleging that she was a member of the Engle class and asserting claims of negligence, strict liability, fraud by concealment, and conspiracy to commit fraud by concealment. Mrs. Soffer sought compensatory and punitive damages. As a basis for punitive damages, Mrs. Soffer alleged that Reynolds “engaged in conduct that was fraudulent and conspired to engage in such conduct, or engaged in conduct, with such gross negligence as to indicate willful and wanton disregard for the rights of others, including [Mrs. Sof-fer.]” Mrs. Soffer’s demand for punitive damages was not limited to any one claim.
During the charge conference, Reynolds argued that the jury should be instructed that it may only consider punitive damages on the intentional tort claims (the concealment and conspiracy claims). Mrs. Soffer urged the trial court to allow the jury to consider awarding punitive damages on all claims. The trial court rejected Mrs. Sof-fer’s request for such instruction and ultimately instructed the jury, in pertinent part, as follows:
Punitive damages may be awarded against R.J. Reynolds Tobacco Company based only on findings that Reynolds is liable to Mrs. Soffer for fraudulent concealment or agreement to conceal. You may not find that punitive damages are warranted against Reynolds based upon Mrs. Soffer’s claim for negligence or strict liability.
The jury returned a verdict for Mrs. Soffer on the negligence and strict liability *462 claims, but for Reynolds on the concealment and conspiracy claims. Pursuant to the trial court’s instruction, the jury did not answer the question of whether punitive damages were warranted on Mrs. Sof-fer’s claim for negligence or strict liability.
I.
Whether a claim may support an award of punitive damages is reviewed de novo. See Estate of Williams ex rel. Williams v. Tandem Health Care of Fla., Inc., 899 So.2d 369, 376 (Fla. 1st DCA 2005). “Under Florida law, the purpose of punitive damages is not to further compensate the plaintiff, but to punish the defendant for its wrongful conduct and to deter similar misconduct by it and other actors in the future.” Owens-Corning Fiberglas Corp. v. Ballard, 749 So.2d 483, 486 (Fla.1999). Pursuant to section 768.72(2), Florida Statutes (2005), a defendant may be held liable for punitive damages, if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence. See also Ballard, 749 So.2d at 486 (finding that “punitive damages are appropriate when a defendant engages in conduct which is fraudulent, malicious, deliberately violent or oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights and safety of others.”); R.J. Reynolds Tobacco Co. v. Martin, 53 So.3d 1060, 1070 (Fla. 1st DCA 2010) (noting that punitive damages may be awarded for intentional misconduct or gross negligence), rev. denied, 67 So.3d 1050 (Fla.2011).
Reynolds does not dispute this point, but argues that Engle class members are different and cannot, as a matter of law, request punitive damages on their negligence and strict liability claims because the class demand for punitive damages in Engle was based only on the intentional tort claims and not the class claims for negligence and strict liability. Reynolds further argues that “preclusion principles” therefore prohibit an Engle class member from seeking punitive damages on these claims. In essence, Reynolds seeks to expand the res judicata effect of the Engle III holding in arguing that because the Engle class only sought punitive damages on the intentional tort claims, Mrs. Soffer’s claim for punitive damages was likewise limited. Reynolds argues that Mrs. Soffer secured various benefits by filing a complaint pursuant to Engle; therefore, she was also subject to Engle’s, limitation. Reynolds further argues that since Mrs. Soffer secured benefits from filing a complaint pursuant to Engle, she should not be entitled to recover punitive damages on negligence and strict liability claims. Reynolds’ arguments are without merit. In my view, Engle class members are not prohibited from recovering punitive damages on their negligence and strict liability claims.
A. Identical Claims
The first benefit that Mrs. Soffer secured was the benefit of invoking the res judicata effect of the Phase I findings. Particularly, she was able to rely on the Engle jury’s Phase I findings and did not have to independently prove up the conduct elements of her claims or demonstrate the relevance of the findings to her lawsuit. See Martin, 53 So.3d at 1067-69. The Phase I findings established the conduct elements of her strict liability and negligence claims, and she was required only to prove legal causation and damages. See R.J. Reynolds Tobacco Co. v. Brown, 70 So.3d 707, 717-18 (Fla. 4th DCA 2011).
Reynolds argues that, by Mrs. Soffer securing the aforementioned benefit, she was required to limit her claims to those pled by the Engle class and was bound by the restrictions that the Engle trial and *463 appellate courts imposed on the Engle class members. As such, Reynolds argues that Mrs. Soffer was required to limit her punitive damage claims to the intentional torts because the Engle class members did not seek punitive damages on strict liability and negligence, and, when the Engle class sought to expand their claim to do so, the trial court denied their request.
Engle III does not impose a blanket requirement that Engle progeny plaintiffs must file identical claims to the original class. Rather, it suggests that in order to take advantage of the Phase I findings, progeny plaintiffs must file the same claims. Here, Mrs. Soffer was able to take advantage of the Phase I findings because she, in fact, filed the same claims as the original class (strict liability, negligence, fraud, and conspiracy to commit fraud). The only difference is the remedy. The fact that her remedy of punitive damages was more extensive than that sought by the Engle class is not necessarily fatal. First, a claim for punitive damages is “not a separate and distinct cause of action but is auxiliary to, and dependent upon, the existence of an underlying claim.” See Liggett Group Inc. v. Engle, 853 So.2d 434, 456 (Fla. 3d DCA 2003) (“Engle II”), quashed in part by Engle III, 945 So.2d at 1254; see also Country Club of Miami Corp. v. McDaniel, 310 So.2d 436, 437 (Fla. 3d DCA 1975). Second, her reliance on the Phase I findings was not relevant to her claim for punitive damages, which she had to independently prove. See e.g., Brown, 70 So.3d at 717-18 (clarifying that the plaintiff must prove legal causation and damages). Third, the supreme court retained most of the jury’s Phase I findings, except that it did not retain the finding on entitlement to punitive damages, which it found to be premature. See En-gle III, 945 So.2d at 1269. The supreme court vacated the $145 billion punitive damage award holding, in pertinent part, as follows:
Class members can choose to initiate individual damages actions and the Phase I common core findings we approved above will have res judicata effect in those trials.
Id. at 1269,1276.
Accordingly, in my view, the supreme court did not intend to give res judicata effect to punitive damages claims and specifically allowed class members to initiate “individual damages actions.”
B. Equitable Tolling
After decertification, Engle III allowed individual plaintiffs within the class to proceed individually so long as the action was filed within one year of the mandate in the case. 945 So.2d at 1277. Reynolds argues that since Mrs. Soffer secured the benefit of equitable tolling of the two-year wrongful death statute of limitations, she would no longer be entitled to the benefits of equitable tolling if she were permitted to recover punitive damages on her strict liability and negligence claims.
Reynolds relies on Hromyak v. Tyco International Ltd., 942 So.2d 1022 (Fla. 4th DCA 2006), in support of its argument that equitable tolling only applies where the former class member brings a claim that is identical to the one pursued by the class itself. There, construing American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), and Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), the Fourth District held that the trial court did not err in determining that class action tolling did not apply to the stockholder’s suit because the new claims were not identical to the class’ claims. Hromyak, 942 So.2d at 1023. The Fourth District interpreted *464 American Pipe to require that the claims in the later action be the same as those alleged in the earlier action for tolling to apply. Id. Here, Mrs. Soffer asserted the exact same claims as were asserted in Engle, and the only difference is the kind of damages she sought. Engle II, 853 So.2d at 441. As noted by Mrs. Soffer, Reynolds’ argument on this point is based on the faulty premise that a demand for punitive damages is an independent claim. But punitive damages are merely a remedy and can only be recovered pursuant to a substantive claim. See e.g., Country Club of Miami Corp. v. McDaniel, 310 So.2d 436, 437 (Fla. 3d DCA 1975). The principle of law from Hromyak is exclusively tied to the statute of limitations, and there is no separate statute of limitations for a demand of punitive damages. The statute of limitations for each underlying claim is what controls. Mrs. Soffer’s demand for punitive damages was filed as a continuation of the litigation begun by the Engle class. As such, because Mrs. Soffer asserts the same substantive claims as those asserted by the Engle class, the principle in Hromyak is satisfied.
Accordingly, Mrs. Soffer’s demand for punitive damages on the negligence and strict liability claims was merely a different type of remedy than that sought in Engle, rather than a separate cause of action. The statute of limitations bars only the right to enforce a cause of action. § 95.11, Fla. Stat. (2005). A remedy, on the other hand, is the method by which the court addresses a legal injury. Because the statute of limitations operates to bar enforcement of causes of action, not to determine which remedies are available, in my view, the trial court erred in instructing the jury not to determine entitlement to punitive damages if they found for Reynolds on the intentional tort claims.
II.
Reynolds asserts that if Mrs. Soffer is entitled to seek punitive damages on her negligence and strict liability claims, this Court should also reverse the trial court’s judgment awarding compensatory damages and remand for a new trial on all claims. I disagree. In my view, on remand, the new trial should be limited to the issue of punitive damages. There is ample authority for allowing a new trial limited to the issue of punitive damages. Stephens v. Rohde, 478 So.2d 862, 863 (Fla. 1st DCA 1985) (disagreeing with a claim that compensatory damages and punitive damages were so intertwined as to require a new trial on both; thus, reversing the trial court’s action in striking the appellant’s punitive damages claim and remanding for a new trial on the issue of whether such damages should be imposed and, if so, the amount thereof); Estate of Canavan v. Nat’l Healthcare Corp., 889 So.2d 825, 827 (Fla. 2d DCA 2004) (remanding for new trial on amount of punitive damages only); Rappaport v. Jimmy Bryan Toyota of Fort Lauderdale, Inc., 522 So.2d 1005, 1006 (Fla. 4th DCA 1988) (remanding for new trial on entitlement and amount of punitive damages only).
Accordingly, I would reverse the trial court’s ruling that punitive damages can only be awarded on the intentional tort claims and remand for a new trial on the issue of Mrs. Soffer’s entitlement to punitive damages on her negligence and strict liability claims only, and, if so, the amount of punitive damages.