383 So.2d 618 (1980)
Charles A. WHITMAN, Jr., As Administrator of the Estate of John Michael Whitman, Deceased, and James Girot, Petitioners,
v.
CASTLEWOOD INTERNATIONAL CORP., Respondent.
No. 54679.
Supreme Court of Florida.
March 27, 1980.
Rehearing Denied June 6, 1980.
*619 Joel T. Daves III of Burdick & Daves, West Palm Beach, for petitioners.
Marjorie D. Gadarian of Jones, Paine & Foster, West Palm Beach, for respondent.
OVERTON, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the Fourth District Court of Appeal, reported at 359 So.2d 5 (Fla. 4th DCA 1978). We find conflict with our recent decision in Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1978). We have jurisdiction.[1]
The district court held improper a general verdict under circumstances where two alternative theories of liability were presented to the jury and the evidence was not sufficient to support one of the theories. We quash the decision of the district court and remand for reconsideration in light of Colonial Stores.
A detailed factual statement concerning the bizarre and tragic circumstances which resulted in this action is contained in the district court's opinion. In summary, the petitioners, who were plaintiffs in the consolidated trial, presented to the jury two theories of liability against Castlewood. One theory proposed that Castlewood was negligent in failing to exercise reasonable care to provide for the safety of the petitioners as invitees upon the premises. The second theory asserted that the two volunteer assistants to the employed bouncer were agents of Castlewood and were acting within the scope of their agency at the time and place of the incident. The jury returned general verdicts in favor of the petitioners. On appeal, the Fourth District Court of Appeal reversed the verdicts, holding that the jury instruction concerning the agency relationship was prejudicial error and that there was no competent evidence to support an agency relationship. The district court specifically noted that it did not pass on the issue of Castlewood's negligence and further stated: "[T]he jury verdict did not set forth the theory upon which it reached its verdict, and it may well have done so upon the agency relationship which we have found is not present under the facts of this case." 359 So.2d at 7.
In Colonial Stores we adopted the two-issue rule and held that where there is no proper objection to the use of a general verdict, reversal is improper where no error is found as to one of two issues submitted to the jury on the basis that the appellant is unable to establish that he has been prejudiced. 355 So.2d at 1186.
In the instant case we reject the contentions that there was a proper request for a special verdict and a proper objection to the general verdict form. No special verdict, interrogatories or requested written instructions were submitted to the court at the close of the evidence and before the instruction conference, as required by Florida Rule of Civil Procedure 1.470(b). Instead, the request for a special verdict was made after argument by counsel to the jury *620 and after instructions on the law by the court. At a conference with the court concerning the form of the verdicts at the conclusion of the trial, the following was discussed:
MR. McGILL [defense counsel]: My only problem, Judge, is that we have two separate theories of liability against Castlewood, one of which should be pre-empted out if we were not on the agency issue.
THE COURT: What are you suggesting? Do you have a special verdict?
MR. DAVES [plaintiff's counsel]: It might have been a good idea but I don't know. We are going to do it now? It is a little late for special verdict. I might not have objected to special verdicts.
MR. McGILL: They were instructed that there is one issue on liability and then there is during the agency issue. Then secondly they were told they have to find he was an agent to find us liable.
THE COURT: It is a little late at this point. There are different ways it could be handled, by special interrogatories but at this point it is a little late to deal with it. The Jury are back there waiting for us to give these to them. If you are requesting special verdict interrogatories, the Court would deny that.
Special verdicts or interrogatories necessarily require explanatory instructions to the jury. In order to properly object to a general verdict form, counsel must therefore submit a special verdict form together with the necessary explanatory instructions in accordance with Florida Rule of Civil Procedure 1.470(b). In the instant case, the request for special verdicts and the implied objection were neither timely nor properly presented to the court.
We note that our decision in Colonial Stores was rendered shortly before the decision of the district court in the instant case, and neither counsel had brought our decision to the attention of the district court.
For the reasons expressed, we quash the decision of the district court and remand for further proceedings consistent with this opinion and our decision in Colonial Stores.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.