387 So.2d 544 (1980)
Carolyn ROSENFELT, William Rosenfelt and Fireman's Insurance Company, Appellants,
v.
Frank S. HALL, Appellee.
No. 80-10.
District Court of Appeal of Florida, Fifth District.
September 10, 1980.
Neal P. Pitts and Stephen W. Beik of Pitts, Eubanks & Ross, P.A., Orlando, for appellants.
*545 James R. Lavigne, P.A., Winter Park, for appellee.
COBB, Judge.
The defendant below appeals the granting of a new trial by the trial judge following a jury verdict finding no liability on the plaintiff's claim of injury by a dog pursuant to section 767.01, Florida Statutes (1977).[1] We reverse.
The facts, construed most favorably for the defendants, were: The plaintiff and his son were test-driving a sports car, which stalled. The plaintiff pushed the car down a hill with the son steering it in an unsuccessful effort to start it. The son turned off of the public street into the defendant's private driveway, coming to a stop about five feet from her garage door. The defendant, Carolyn Rosenfelt, who had been working in her back yard, saw the car pull into her driveway. Since it did not then back out and leave, Mrs. Rosenfelt, with her two dogs, a boxer and a springer spaniel, came to the front yard to investigate.
Mrs. Rosenfelt approached the automobile and asked the son, Mark Hall, what he was doing. As she did so, the plaintiff, Frank Hall, came running across the yard and through the flower bed. He told the defendant in a loud voice to "get the dogs out of here." Mrs. Rosenfelt offered to call the police, and then, apparently, she and Frank Hall engaged in mutual shouting, and plaintiff flailed his arms in the process. He was about fifteen feet away from her at the time. The dogs, which were not leashed, began to bark and snarl at plaintiff.
Hall then began to push the car out of the driveway. While he was doing so, one of the dogs, according to Hall's testimony, leaped on his right leg. He turned and said, "The dog bit me." The defendant responded that the dog was nowhere near him, and Hall retorted, "Well, then, the dog kicked me." The defendant also denied that this had occurred. After this verbal exchange, Hall pushed the car out of the driveway into the street.
At the jury trial the defendants relied, inter alia, on an affirmative defense of provocation, per the provisions of section 767.04, Florida Statutes (1977), and the trial court gave a requested defense instruction in regard to provocation.[2] The defendants also contended that any injury to the plaintiff's leg was not caused by the dog. It was agreed by both sides that plaintiff was not bitten. The jury was not given special interrogatories, but rather a general verdict form, to which neither party objected.
After a defense verdict was returned, plaintiff's motion for new trial was granted by the trial judge in a written order, which stated:
The evidence was not sufficient to sustain such a charge to the jury. At best and in the light most favorable to the defendants, the evidence showed that prior to the time that the dog in question jumped *546 on or near plaintiff's leg while he was pushing a car which his son was steering in order to get the car out of the defendants' yard, that the plaintiff came running across the defendants' yard, flailed his arms, and yelled in a very loud voice to the defendant, Carolyn Rosenfelt, to get her two dogs out of there, including the dog in question. There is no evidence that the plaintiff kicked, teased, or shoved the dog in question. (emphasis added).
The issue on appeal is whether the trial judge abused his broad discretion in granting the new trial. See Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980); Cloud v. Fallis, 110 So.2d 669 (Fla. 1959).
We are asked, then, to review the legal correctness of the trial court's assumption that the provocation and aggravation referred to in the statute is restricted to acts physically directed to the dog and excludes such acts directed toward the dog's master in the dog's presence. This is a point of law, not a factual determination, and, therefore, the discretion of the trial judge is drastically diminished, if not entirely eliminated. Florida Power Corp. v. Smith, 202 So.2d 872 (Fla. 2d DCA 1967); Boutwell v. Bishop, 194 So.2d 3 (Fla. 1st DCA 1967).
We find no basis for the stringently circumscribed interpretation of careless provocation adopted by the trial court. Surely it was not the legislative intent to punish a dog owner through the imposition of civil damages for the actions of a dog protecting its owner on private property from a screaming intruder flailing his arms at her. See Rattet v. Dual Security Systems, Inc., 373 So.2d 948 (Fla. 3d DCA 1979); and Donner v. Arkwright-Boston Mfgs. Mut. Ins. Co., 358 So.2d 21 (Fla. 1978). We believe a jury properly could conclude that such action met the statutory test, as this jury did. The instruction was proper and the granting of a new trial because of it was error.
Moreover, even if the provocation instruction had been erroneous, as the trial judge concluded, the motion for new trial still should have been denied. Since the jury returned a general verdict, there is no way of knowing if this resulted from a finding of careless provocation of the dog or from a finding that Hall's leg injury was not proximately caused by the dog. Where there is no objection to the use of a general verdict, reversal is improper where no error is found as to one of two bases upon which that verdict may rest. Whitman v. Castlewood Int'l. Corp., 383 So.2d 618 (Fla. 1980).
The order granting new trial is quashed, and the cause remanded for entry of a judgment for the defendants.
QUASHED and REMANDED.
ORFINGER, J., and GREEN, OLIVER L., Associate Judge, concur.
NOTES
[1] Owners Responsible. Owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to persons. § 767.01, Fla. Stat. (1977).
[2] The defenses set forth in section 767.04, which concerns dog bites, are also applicable to other damages caused by a dog under section 767.01. See Rattet v. Dual Security Systems, Inc., 373 So.2d 948 (Fla. 3d DCA 1979). Section 767.04 reads:

Liability of owners. The owners of any dog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners' knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States, or when he is on such property upon invitation, expressed or implied, of the owner thereof; provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words "Bad Dog."