609 So.2d 629 (1992)
Diane FARINA and John Farina, Appellants,
v.
Gregory J. ZANN, M.D., and Gregory J. Zann, M.D., P.A., Appellees.
No. 90-3308.
District Court of Appeal of Florida, Fourth District.
August 26, 1992.
Rehearing Denied as Moot November 3, 1992.
Nancy Little Hoffman of Nancy Little Hoffman P.A., and Angelo Marino, Jr. of Marino & Goodman, P.A., Fort Lauderdale, for appellants.
Karl L. Santone and Vanessa A. Reynolds of Santone & Eyler, P.A., Fort Lauderdale, for appellees.
PER CURIAM.
We reverse and agree with appellants that they were entitled to an instruction on the law set out in Stuart v. Hertz Corp., 351 So.2d 703 (Fla. 1977), that a tortfeasor will be held responsible for damages of the victim resulting from negligent medical treatment rendered by reason of the original wrongful act.
The appellants' claim was predicated on allegations that Mrs. Farina's physician, Dr. Gregory J. Zann, was negligent in his diagnosis and treatment. It was claimed that a series of subsequent surgeries and treatments, including the negative consequences thereof, would not have occurred, but for Dr. Zann's earlier negligent diagnosis *630 and treatment. At trial there was proof and argument by the defense that Mrs. Farina's most serious injuries resulted from the actions or inactions of other physicians, rather than the neglect of Dr. Zann. Under these circumstances, the appellants were entitled to an instruction under the law of Stuart. See Davidson v. Gaillard, 584 So.2d 71 (Fla. 1st DCA), rev. denied, 591 So.2d 181, 591 So.2d 182 (Fla. 1991).
We reject the argument that the error was rendered harmless by application of the two issue rule set out in Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1st DCA 1977), approved 381 So.2d 1355 (Fla. 1980). See LoBue v. Travelers Ins. Co., 388 So.2d 1349 (Fla. 4th DCA 1980), rev. denied, 397 So.2d 777 (Fla. 1981).
We find no reversible error in the other issues raised. Accordingly, we reverse and remand with directions for a new trial and other proceedings in accord herewith.
GLICKSTEIN, C.J., ANSTEAD, J., and HOY, JOHN J., Associate Judge, concur.