700 So.2d 157 (1997)
John CHARLEMAGNE, Appellant,
v.
Adassa and Alston FRANCIS, Appellees.
No. 96-1886.
District Court of Appeal of Florida, Fourth District.
October 15, 1997.
*158 Anthony J. Aloneftis of Hoffman, Aloneftis & Catren, P.A., Lauderdale, by the Sea, David L. Rich of Swiderski & Rich, P.A., Margate, and Nancy Little Hoffman of Nancy Little Hoffman, P.A., Fort Lauderdale, for appellant.
Christopher J. Lynch of Angones, Hunter, McClure, Lynch & Williams, P.A., for appellees.
WARNER, Judge.
The appellant sued property owners/appellees in common law negligence, claiming that they had failed to repair or replace defective carpet in an apartment. The appellant tripped over the carpet and was injured. Over the objection of the appellant, the trial court instructed the jury in accordance with section 83.51(4), Florida Statutes (1993), that the landlord was not responsible to the tenant under this section for conditions created or caused by the negligent or wrongful act of the tenant or a person on the premises with the tenant's consent. The jury returned a verdict in favor of the property owner. We reverse, holding it was error to give the instruction on section 83.51(4) in this common law negligence case, and because there was no evidence to support the giving of the instruction.
Bernadette Hyachinthe leased one of the appellees' apartments and moved in one week later. She noticed immediately that the carpet was old and needed to be replaced and informed the apartment manager who promised to replace it. About a week later, appellant, an elderly gentleman, moved into the apartment with Hyachinthe who had taken care of him for the past two years. He too noticed the poor condition of the carpet and complained to Hyachinthe about it. Hyachinthe testified that she spoke with the apartment manager two or three times about *159 the carpet and pointed out ridges in the bedroom carpeting to him.
Approximately three weeks after moving into the apartment, appellant's toes got stuck in the ridges of the bedroom carpet, causing him to fall and break his hip. It was this injury that precipitated the appellant's common law negligence lawsuit against appellees. In defense, appellees claimed comparative negligence and the fault of others.
At trial, the apartment manager denied that appellant or Hyachinthe had ever called him about the carpet and testified that he never saw any ridges in the carpeting after he leased the premises to Hyachinthe. The person who cleaned the carpet prior to Hyachinthe's occupation of the premises testified that he had not seen any wrinkles in the carpet. He stated that if furniture movers had pulled the furniture across the carpet, this action could have caused the ridges, but he admitted that he had no personal knowledge regarding how the furniture was actually moved into the apartment. There was no other evidence addressing the cause of the ridges in the carpet.
During the charge conference, appellant's counsel requested the court to charge the jury in accordance with the second portion of Standard Jury Instruction 3.5(i), "Landlord's negligence (toward tenant) when leased premises are residential (not common areas)." [1] That instruction states, in pertinent part:
whether, after (claimant tenant) took possession of the dwelling, (defendant landlord) negligently failed to repair a dangerous or defective condition on the premises of which he had actual notice.
Fla. Std. Jury Instr. (Civil) 3.5(i). Defense counsel requested an instruction informing the jury of section 83.51(4), which states:
The landlord is not responsible to the tenant under this section for conditions created or caused by the negligent or wrongful act or omission of the tenant, a member of his family, or other person on the premises with his consent.
(emphasis supplied). Defense counsel argued that if the movers caused the wrinkles or ridges, then this subsection exculpated the appellees from any liability. Over the objection of appellant's counsel, the trial court gave the following instruction:
The Court further advises you on Florida Statute 83.51 outlining Landlord's Obligation to Maintain Premises provides as follows:
1. The landlord is not responsible to the tenant under this section for conditions created or caused by the negligent or wrongful act or omission of the tenant, a member of the tenant's family, or other person on the premises with the tenant's consent.
If you find that the condition on the premises which caused the tenant's injury was a condition created by the negligence of persons involved in the moving process who were on the premises with the tenant's consent, then you should find for the Defendant.
If, however, you find that the damages were not caused by a condition created by the negligence of movers on the premises with the tenant's consent, then you should determine the respective responsibility of the Parties in accordance with the previous instructions given by the Court.
Thus, the trial court instructed the jury on both the statutory defense and comparative negligence.
We hold that it was error to give the statutory exculpation of liability instruction in a common law negligence action. In Mansur v. Eubanks, 401 So.2d 1328, 1330 (Fla. 1981), the supreme court stated that "[a]fter the tenant takes possession, the landlord has a continuing duty to exercise reasonable care to repair dangerous defective conditions upon notice of their existence by the tenant, unless waived by the tenant." The judge read Standard Jury Instruction 3.5(i), which incorporated Mansur. That instruction, together with the standard instructions on causation and comparative negligence, would have fully apprised the jury of the applicable law, namely (1) whether there was a defective *160 condition in the carpet; (2) whether the tenants had notified the apartment manager of the defect; and (3) whether appellant was comparatively negligent, either through responsibility for creating the condition or through his knowledge of the dangerous condition.
Section 83.51(4), which was read to the jury, is applicable only to exclude liability of the landlord under section 83.51, which describes statutory warranties. Although, under that section, the landlord has the duty to keep the floors in good repair, the appellant did not sue for a violation of that duty, which imposes definite obligations upon a landlord that did not exist under the common law. See Paterson v. Deeb, 472 So.2d 1210, 1216 (Fla. 1st DCA 1985). Instead, appellant sued only in common law negligence. Thus, the defenses available to the appellees were comparative negligence and negligence of others. These defenses would result in the allocation of responsibility between all parties found negligent, unlike the statutory exclusion of liability, which is absolute. Under section 83.51(4), if the appellant caused the ridges in the carpet, then he could not recover. Under the common law negligence theories, the appellant could argue that the appellees were still negligent because the carpet was worn and subject to rippling, even if his movement of furniture had actually caused the ripples. Thus, the jury could consider and allocate the negligence of both parties. Moreover, the appellees did not raise the statutory defense at trial in their affirmative defenses. It was error to instruct the jury on an inapplicable statutory defense which could have misled the jury. See Eaton Constr. Co. v. Edwards, 617 So.2d 858, 860 (Fla. 5th DCA 1993).
Even if the statutory defense was applicable, there was simply no evidence presented as to the cause of the wrinkles or ridges. Although the carpet cleaner testified that the sliding of furniture across the carpet could have caused the ripples, there was no testimony that the furniture movers did this. At the charge conference, the trial court agreed, stating, "there's no evidence as to how it got there or when it got there." Therefore, it was error to instruct the jury that they could find that the condition was "created by the negligence of persons involved in the moving process who were on the premises with the tenant's consent." See Bach v. Murray, 658 So.2d 546, 548 (Fla. 3d DCA 1995).
We reject the appellees' contention that application of the "two-issue rule" bars the appellant from raising this issue. They claim that appellant should have requested that the jury determine whether or not the alleged defect existed and whether it had been caused by the negligence of the tenants or someone under their control. Appellees argue that since the jury did not separately state these two matters, appellant could not show prejudice, as the jury could have decided that the defect did not exist, a finding which would moot any consideration of the statutory defense.
In First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla.1987), the supreme court summarized the rule:
[W]here there is no proper objection to the use of a general verdict, reversal is improper where no error is found as to one of two issues submitted to the jury on the basis that the appellant is unable to establish that he has been prejudiced.
Id. at 538 (citations and quotations omitted); see also Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181, 1186 (Fla.1977). The supreme court further noted, however, that the two-issue rule applies to those actions which can be brought on two theories of liability, but where a single basis for damages applies. See Ablanedo, 511 So.2d at 538. The appellee cites cases which are inapposite for this reason. In the instant case, the two-issue rule is inapplicable because the appellant claimed only one theory of liability against the appellees. Moreover, we have rejected a similar argument in LoBue v. Travelers Insurance Co., 388 So.2d 1349, 1352 (Fla. 4th DCA 1980); accord Farina v. Zann, 609 So.2d 629, 630 (Fla. 4th DCA 1992).
The error of giving the instruction was not harmless. We therefore reverse and remand for a new trial.
STONE, C.J., and SHAHOOD, J., concur.
NOTES
[1] Both parties have treated this case as one between landlord and tenant, even though appellant does not appear to have been a tenant, but instead the tenant's invitee. He did not sign the lease and had no familial relationship with the tenant.