705 So.2d 72 (1997)
Roger V. BARTH Appellant,
v.
Victor M. KHUBANI, Khubani Enterprises, Inc. and Azad International, Inc., Appellees.
No. 97-681.
District Court of Appeal of Florida, Third District.
December 31, 1997.
Rehearing Denied February 25, 1998.
*73 Akermen, Senterfitt & Eidson and Bernardo Burstein; Richter, Miller & Finn and Paul S. Richter, Washington, DC, for appellant.
Goldstein & Tanen and Susan E. Trench; Herbert Stettin, Miami, for appellees.
Before COPE, GODERICH and SORONDO, JJ.
PER CURIAM.
The plaintiff, Roger V. Barth, appeals from an adverse final judgment and from the denial of his motion for a new trial. We reverse, in part, and affirm, in part.
First, we find that the trial court erred by granting a directed verdict on the plaintiff's count for fraud. The plaintiff testified that the defendant's agent had made a false statement concerning a material fact; that the agent was acting within his scope of authority; that the agent knew the representation was false; that the agent intended that the representation induce the plaintiff to act; and that the plaintiff's reliance on the representation caused him a resulting injury. This evidence presented by the plaintiff was sufficient to state a prima facie case of fraud. Johnson v. Davis, 480 So.2d 625, 627 (Fla. 1985). Additionally, we find that the trial court erred by granting a directed verdict on the plaintiff's count for fraud on the alternative basis that the claim for fraud in the inducement was barred by the economic loss rule. HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238, 1240 (Fla. 1996)("[F]raud in the inducement is an independent tort and is not barred by the economic loss rule.").
Next, we find that the plaintiff did not properly preserve the statute of frauds issue for review on appeal. Because a general verdict form was submitted to the jury, it is unclear whether the jury found the underlying contract to be unenforceable because it was barred by the statute of frauds, because the plaintiff had failed to perform the conditions precedent, or because no valid contract existed. Therefore, in the absence of an objection to the use of the general verdict form, reversal is improper where no error is found as to one of two issues submitted to the jury on the basis that the appellant is unable to demonstrate prejudice. Whitman v. Castlewood Int'l Corp., 383 So.2d 618 (Fla. 1980); Comreal Miami, Inc. v. Hatari Imports, Inc., 559 So.2d 1175 (Fla. 3d DCA 1990); Pfister v. Parkway Gen. Hosp., Inc., *74 405 So.2d 1011 (Fla. 3d DCA 1981), review denied, 413 So.2d 876 (Fla.1982).
The plaintiff's remaining point lacks merit.
Affirmed, in part; reversed, in part, and remanded for further proceedings consistent with this opinion.