748 So.2d 260 (1999)
Roger V. BARTH, Petitioner,
v.
Victor M. KHUBANI, et al., Respondents.
No. 92,697.
Supreme Court of Florida.
October 7, 1999.
Bernardo Burstein of Akerman, Senterfitt & Eidson, P.A., Miami, Florida, and Paul S. Richter of Richter, Miller & Finn, Washington, D.C., for petitioner.
Herbert Stettin, Miami, Florida, and Susan E. Trench of Goldstein & Tanen, P.A., Miami, Florida, for respondents.
SHAW, J.
We have for review Barth v. Khubani, 705 So.2d 72 (Fla. 3d DCA 1997), which expressly and directly conflicts with Charlemagne v. Francis, 700 So.2d 157 (Fla. 4th DCA), review dismissed, 703 So.2d 476 (Fla.1997).[1] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The issue presented by the conflict is whether an appellate court may apply the "two issue rule" to bar review of a general defense verdict where the appellee pled two or more defenses at trial and the appellant alleges error only as to one such defense. Petitioner filed a complaint against respondents alleging breach of contract and fraud.[2] The trial court granted *261 a directed verdict for petitioner on the fraud count[3] and submitted only the breach of contract action to the jury. To the remaining count, respondents asserted three defense theories: failure to prove that the alleged contract existed, failure of a condition precedent, and the statute of frauds.[4] The parties agreed to a general verdict form and the jury found for respondents. On appeal, the Third District held that by agreeing to the submission of a general verdict petitioner was precluded from raising an alleged statute of frauds instructional error. The district court explained as follows:
[W]e find that the plaintiff did not properly preserve the statute of frauds issue for review on appeal. Because a general verdict form was submitted to the jury, it is unclear whether the jury found the underlying contract to be unenforceable because it was barred by the statute of frauds, because the plaintiff had failed to perform the conditions precedent, or because no valid contract existed. Therefore, in the absence of an objection to the use of the general verdict form, reversal is improper where no error is found as to one of two issues submitted to the jury on the basis that the appellant is unable to demonstrate prejudice.
Barth, 705 So.2d at 73. We agree.
The district court correctly applied the "two issue rule" barring appellate review of petitioner's claim of error in the jury instruction as to one defense where, as here, respondents relied on three separate defense theories at trial. The "two issue rule" provides:
[W]here there is no proper objection to the use of a general verdict, reversal is improper where no error is found as to one of two issues submitted to the jury on the basis that the appellant is unable to establish that he has been prejudiced.
Whitman v. Castlewood Int'l Corp., 383 So.2d 618, 619 (Fla.1980). The rule is based on the principle that reversal is improper where no error is found as to one of the issues that can independently support the jury's verdict. See Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181, 1186 (Fla.1977). In Colonial Stores, this Court cautioned that although it may seem that injustice might result from application of the "two issue rule," the rule is an economical tool that limits appellate review to issues that actually affect the case and that litigants may avoid application of the rule by simply requesting a special verdict that would illuminate the jury's decision making process and the affect of any alleged error: "It should be remembered... that the remedy is always in the hands of counsel." Id.
When a general verdict for the plaintiff is on review, the rule is applied by focusing on the causes of action, such that an appellate claim of error raised by the defendant as to one cause of action cannot be the basis for reversal where two or more theories of liability (or causes of action) were presented to the jury.[5] On the other hand, when the jury returns a *262 general verdict for the defendant, the "two issue rule" is applied by focusing on the defenses; thus, where two or more defense theories are presented to the jury and it returns a verdict for the defense, an appellate claim of error as to one defense theory will not result in reversal since the verdict may stand based on another theory.[6] The focus on the winning party's actions or defenses, as the case may be, is logical given that the opposing party has the burden of establishing prejudice on appeal. See Whitman, 383 So.2d at 619; Colonial Stores, Inc., 355 So.2d at 1186; Rosenfelt v. Hall, 387 So.2d 544, 546 (Fla. 5th DCA 1980).
This Court adopted the rule from the case law of California, Connecticut, Ohio and South Dakota, all of which focus on the number of defense theories when applying the rule to general verdicts in favor of the defense. See Colonial Stores, Inc., 355 So.2d at 1186. See Philpott v. Mitchell, 219 Cal.App.2d 244, 32 Cal.Rptr. 911, 918-19 (1963) ("Every intendment is in favor of the judgment of the lower court, and this means, among other things, that this court, on appeal, may assume that the jury by its general [defense] verdict found for [the defendant] on every issue submitted."); Johnson v. Pagano, 184 Conn. 594, 440 A.2d 244, 245-46 (1981) ("Thus, if any of the court's instructions are shown to be proper and adequate as to any one of the defenses raised, the general verdict [for the defense] will stand irrespective of any error in the charge as to the others."); Bush v. Harvey Transfer Co., 146 Ohio St. 657, 67 N.E.2d 851, 856 (1946) ("The two-issue rule ... [has been] applied to sustain a verdict for ... defendants [where] there were two separate and distinct defenses made, either one of which in itself, if established, was sufficient to defeat the cause of action of the plaintiff."); McCrystal v. Trumbull Mem. Hosp., 115 Ohio App.3d 73, 684 N.E.2d 721, 728 (1996); Bankwest, Inc. v. Valentine, 451 N.W.2d 732, 736 (S.D.1990) ("As [defendant] raised several affirmative defenses to the Bank's claim, it is difficult to determine how the jury reached its verdict.... [Thus] the construction which sustains the [defense] verdict must be applied.").
In the present case, the Third District correctly applied the rule by properly focusing on the three theories of defense pled at trial. On appeal, petitioner attacked the verdict based solely on an alleged error as to the statute of frauds instruction. Since respondents argued three theories of nonliabilityfailure of proof, failure of a condition precedent, and the statute of frauds, the appellate court did not violate the maxim that the "two issue rule" only applies when the prevailing plaintiff submits more than one cause of action or the prevailing defendant submits more than one separate and distinct defense theory and the parties agree to a general verdict form.
Accordingly, we approve Barth and disapprove the conflict cases to the extent they are inconsistent with our decision.[7]
It is so ordered.
HARDING, C.J., and WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Additional conflict cases include Davidson v. Gaillard, 584 So.2d 71 (Fla. 1st DCA 1991), A.G. Edwards & Sons, Inc. v. Weinreich, 572 So.2d 993 (Fla. 2d DCA 1990), and LoBue v. Travelers Ins. Co., 388 So.2d 1349 (Fla. 4th DCA 1980).
[2] The claims arose out of a business transaction where respondent Khubani was to acquire a property called the "Castle" by satisfying state tax certificates and a federal tax lien, and by purchasing a judgment lien on the property. Petitioner allegedly agreed to waive any homestead rights held in the property as part of the deal. By acquiring the property, respondents allegedly stood to make $2,000,000 out of which they allegedly agreed to pay petitioner $300,000. Petitioner filed a complaint alleging breach of contract and fraud based on the existence and nature of this alleged agreement and respondents' alleged failure to pay petitioner the $300,000.
[3] The Third District reversed the trial court's judgment on the fraud count holding that the court erred in directing a verdict thereon since petitioner established a prima facie case of fraud.
[4] The record shows that the trial judge concluded the jury instruction as to petitioner's breach of contract action with the following instruction:

If the greater weight of the evidence does not support the claim of the plaintiff, your verdict should be for the defendants. However, if the greater weight of the evidence does support the claim for the plaintiff, then you shall consider the defenses raised by the defendants.
[5] See Whitman, 383 So.2d at 619 (defendant's appeal claiming error as to one theory of liability cannot result in reversal of verdict since plaintiff submitted two theories of liability to jury).
[6] See, e.g., Treal Group, Inc. v. Custom Video Servs., Inc., 682 So.2d 1230, 1231 (Fla. 4th DCA 1996) ("Because both [defense theories] were presented to the jury by [defendant] Custom, and the jury could have found for Custom on either ground, but entered a general verdict, the two-issue rule ... applies here.").
[7] Although we disapprove of the conflict cases to the extent they employ a misdirected focus in their application of the "two issue rule," we do not disapprove of them to the extent they hold or explain that the rule does not apply where there is only one cause of action or one separate and distinct defense theory. See, e.g., LoBue, 388 So.2d at 1351-52 n. 3 (stating that "we do not believe the rule should be extended to require a claimant to specifically demonstrate the precise element of the cause of action the jury found lacking").