758 So.2d 714 (2000)
ZIMMER, INC., an Indiana corporation, Appellant,
v.
Jeffrey D. BIRNBAUM, and Wendy Birnbaum, his wife, Appellees.
No. 4D98-4071.
District Court of Appeal of Florida, Fourth District.
March 29, 2000.
Rehearing denied May 22, 2000.
*715 Wendy F. Lumish, and Jeffrey A. Cohen of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Miami, for appellant.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and E. Hugh Chappell, Jr. of E. Hugh Chappell, Jr., P.A., Fort Lauderdale, for appellees.
PER CURIAM.
Zimmer, Inc. appeals a final judgment entered against it in a products liability suit filed by appellees, Jeffrey and Wendy Birnbaum. The defective products were steel rods surgically inserted into Jeffrey's back to correct a spinal condition. Under the facts of this case, Zimmer compellingly argues that the trial court erred in failing to identify the surgeon who installed the rods as the "ordinary consumer"[1] for the purpose of the jury charge found at PL5, Florida Standard Jury Instructions, Products Liability.
However, the two issue rule precludes us from reaching that issue. The jury charge gave the jury two standards for determining whether the product was unreasonably dangerousthe ordinary consumer test and the risk benefit test. Zimmer concedes that the risk benefit test was appropriate to use in this case. The verdict form did not require the jury to identify its basis for deciding that the product was defective. Zimmer did not object at trial to the use of the verdict form. The jury might properly have decided that the rods were defective based on a risk benefit analysis. Even if we found error in the definition of the ordinary consumer test or in its submission to the jury, under the two issue rule, Zimmer is unable to demonstrate prejudice to justify a reversal. See Barth v. Khubani, 748 So.2d 260 (Fla. 1999).
As the supreme court explained in Barth:
The "two issue rule" provides:
[W]here there is no proper objection to the use of a general verdict, reversal is improper where no error is found as to one of two issues submitted to the jury on the basis that the appellant is unable to establish that he has been prejudiced.

Whitman v. Castlewood Int'l Corp., 383 So.2d 618, 619 (Fla.1980). The rule is based on the principle that reversal is improper where no error is found as to one of the issues that can independently support the jury's verdict. See Colonial Stores, Inc. ., v. Scarbrough, 355 So.2d 1181, 1186 (Fla.1977). In Colonial Stores, this Court cautioned that although it may seem that injustice might result from application of the "two issue rule," the rule is an economical tool that limits appellate review to issues that actually affect the case and that litigants may avoid application of the rule by simply requesting a special verdict that would illuminate the jury's decision making process and the affect [sic] of any alleged error: "It should be remembered... that the remedy is always in the hands of counsel." Id.

When a general verdict for the plaintiff is on review, the rule is applied by focusing on the causes of action, such that an appellate claim of error raised by the defendant as to one cause of action cannot be the basis for reversal where two or more theories of liability (or causes of action) were presented to the jury.
Barth, 748 So.2d at 261 (footnote omitted).
We distinguish this case from Allstate Insurance Co. v. Vanater, 297 So.2d 293 (Fla.1974), cited by Zimmer. In that case the confusion in the jury instructions was the giving of two different standards of *716 proof for the jury to apply"clear and convincing evidence" and proof "beyond a reasonable doubt." Id. at 294. This case involves alternative theories of liability, two methods of deciding a factual issue which is precisely the type of situation to which the two issue rule applies.
We have carefully reviewed the record on the remaining issues and recognize that the issues of causation of damages and the identity of Zimmer as the supplier of the rods were in great dispute. We find no legal basis to set aside the jury's determinations.
AFFIRMED.
WARNER, C.J., SHAHOOD and GROSS, JJ., concur.
NOTES
[1] That portion of the instruction reads:

A product is unreasonably dangerous because of its design if the product fails to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer. Fla. Std. Jury Instr. (Civ.) PL5. (Italics supplied).