MAY, J.
This case presents a complex legal knot of claims arising from injuries sustained by the plaintiff while in the custody of the City’s police department. The jury’s answers to special interrogatories tied the knot by providing consistent answers that were inconsistent with some of the plaintiffs claims for relief. The City appeals a final judgment on claims of negligent supervision and retention, failure to protect, battery, and negligent infliction of emotional distress. Having unraveled the legal knot, we affirm.
Late one evening, the plaintiffs neighbor asked for his assistance in locating his girlfriend. While the plaintiff drove around searching, he encountered law enforcement. After observing the plaintiff and conducting videotaped tests, Officer One arrested the plaintiff for driving under the influence.[1]
The plaintiff was transported to the police station where Officer One placed him in a holding cell. Approximately forty-five minutes later, the same officer went to the cell because the plaintiff was screaming and banging on the door. Officer One provided the plaintiff with a blanket.
When the plaintiff began kicking at the cell door, Officer One returned to the plaintiffs cell. The plaintiff claimed he was doing exercises to reduce anxiety. Officer One allowed the plaintiff to call his parents to arrange for delivery of his medications. Without them, the plaintiff was edgy and “dope sick.”
The plaintiff continued his behavior. When Officer One went back to the cell a third time, the plaintiff testified that Officer One grabbed his neck, hit his head against the wall, and pushed him down on the metal seat. Officer One testified, however, that he perceived the plaintiff was about to strike him so he grabbed the plaintiff and pushed him backwards to the cell bench. The incident was recorded on surveillance video and shown to the jury. Officer One called two other officers to help calm the plaintiff. The plaintiff told the other officers that he wanted to bite Officer One to give him Hepatitis C.
Another officer arrived to transport the plaintiff and other prisoners to the jail. As the plaintiff was being escorted through the police station garage, he spotted Officer One. He began yelling and uttered a *609 vulgarity. Officer One believed the plaintiff was pulling away from the other officer so he attempted to assist. An altercation ensued. The plaintiff began kicking Officer One so the other officer pulled him to the ground. Officer One grabbed the other officer’s taser, warned the plaintiff, and then deployed it multiple times in the drive-stun mode.
Once the plaintiff stopped resisting, the officers realized the handcuffs had fallen off. They rolled the plaintiff onto his stomach to secure them. Officer One tased the plaintiff again when he began kicking at them. Law enforcement transported the plaintiff to the hospital for a medical examination. Photos showed multiple bruises and burn marks.
At trial, the plaintiff testified that he is now afraid of law enforcement, sleeps less than before, and has neck problems. The plaintiff admitted to having received treatment for emotional, psychotic and physical conditions, and drug dependency both before and after this incident.
The City’s police chief testified that pri- or to this incident, he had not received any complaints against Officer One that would have suggested he should have been fired. In fact, Officer One had been named “Officer of the Month” on two occasions. One month prior to this incident, however, Officer One’s evaluation indicated that he needed improvement in controlling conflict.[2]
The City moved for summary judgment on multiple grounds. Relevant to the issues on appeal, the City argued it was immune for officers’ actions that were outside the course and scope of employment, and the claim for negligent retention and supervision could not legally stand because the complaint alleged only that the officers’ actions were within the course and scope of their employment. The City also argued that it could not be liable for negligent infliction of emotional distress because the officers’ actions were outside the course and scope of their employment and were malicious in nature. The trial court granted the motion in part, but denied it as it relates to the issues on appeal.
Four claims remained at the time of trial, which involved the City’s liability for:
(1) the negligent retention and supervision of Officer One;
(2) negligently failing to protect the plaintiff;
(3) negligently inflicting emotional distress on the plaintiff; and,
(4) battery committed by Officer One.
At the close of the plaintiffs case, the City moved for directed verdict, and renewed its motion at the close of the defense case. The trial court denied both motions.
According to the submitted verdict form, the jury found that Officer One committed a battery, used excessive force in both the holding cell and taser incidents, the actions were within the course and scope of his employment, and Officer One did not act in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard.[3]
*610 The jury found the City negligent: (1) in retaining and supervising Officer One; (2) in negligently failing to protect the plaintiff; (3) for the battery of the plaintiff by Officer One; and (4) for inflicting emotional distress. The jury found no negligence on the part of the plaintiff. The jury awarded $29,152.97 in damages for the holding cell incident and $150,000 in damages for the transport-area incident. The damages, while apportioned for each incident, were not separated for each claim for relief.
The City moved for a new trial, a judgment notwithstanding the verdict, and a remittitur. The trial court denied the motions. From the denial of these motions and the underlying judgment, the City now appeals.
The City argues: (1) it was entitled to a directed verdict or a new trial on the negligent retention/supervision claim because the jury found that Officer One acted within the course and scope of his employment; (2) the City has sovereign immunity; (3) Florida does not recognize a negligent “failure to protect” claim unless it involves exposure of the plaintiff to risk of harm by a third person; and (4) the negligent infliction of emotional distress claim is barred by sovereign immunity because it resulted from a battery, which is an intentional tort, and therefore outside the course and scope of Officer One’s employment.
The plaintiff does not address the sovereign immunity issue, but responds there was sufficient evidence to support the negligence claims. The plaintiff also argues that a special relationship was created the moment the plaintiff was taken into custody thereby creating a duty of care. Lastly, the plaintiff argues the City’s negligence in retaining and supervising Officer One and in “failing to protect” the plaintiff was sufficient to support a claim for negligent infliction of emotional distress.
The standard of review on a motion for new trial is abuse of discretion. See Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959).
This appeal turns, in part, on the jury’s ultimate decision that Officer One’s actions occurred within the course and scope of his employment. With that factual issue decided, we now address each of the four claims.
First, the City is absolutely correct that because a negligent supervision and retention claim involves the direct negligence of the City, it requires that the actions of the employee be outside the course and scope of the employee’s employment. “By its very nature, an action for negligent retention involves acts which are not within the course and scope of employment....” Watson v. City of Hialeah, 552 So.2d 1146, 1148 (Fla. 3d DCA 1989) (emphasis in original). See also Belizaire v. City of Miami, 2013 WL 1651371 (S.D.Fla.2013) (discussing Garcia v. Duffy, 492 So.2d 435, 438 (Fla. 2d DCA 1986)).
Starting with the plaintiffs allegations in the complaint, continuing to proof at trial, and ending with the jury’s finding of fact, Officer One acted within the course and scope of his employment at all times. Because of this, the negligent retention/supervision claim must fail by operation of law. See id. The trial court erred in denying the City’s motion for new trial on this claim. The City, however, cannot show it was prejudiced by this ruling in light of the “two-issue rule.”
“[W]here there is no proper objection to the use of a general verdict, reversal is improper where no error is found as to one of two issues submitted to *611 the jury on the basis that the appellant is unable to establish that he has been prejudiced.” Zimmer, Inc. v. Birnbaum, 758 So.2d 714, 715 (Fla. 4th DCA 2000) (quoting Whitman v. Castlewood Int’l Corp., 383 So.2d 618, 619 (Fla.1980)). “The rule is based on the principle that reversal is improper where no error is found as to one of the issues that can independently support the jury’s verdict.” Barth v. Khubani, 748 So.2d 260, 261 (Fla.1999).
When a general verdict for the plaintiff is on review, the rule is applied by focusing on the causes of action, such that an appellate claim of error raised by the defendant as to one cause of action cannot be the basis for reversal where two or more theories of liability (or causes of action) were presented to the jury.
Id. Here, the jury was asked to determine liability on four separate negligence claims: one for direct negligence against the City for retaining and supervising Officer One, and three others for the City’s vicarious liability for Officer One’s actions. Yet, damages were determined only once and not apportioned to any particular claim. We cannot discern, therefore, whether the damages were for the negligent retention and supervision claim or one of the other alternative claims. Thus, the two-issue rule precludes a reversal.[4]
An employer may be liable under the doctrine of respondeat superior for an employee’s acts that are committed within the course and scope of employment. Garcia, 492 So.2d at 438. This leaves for our consideration the plaintiffs claims for battery, negligent infliction of emotional distress, and failure to protect.
Our sovereign immunity statute provides:
The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed ... in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
§ 768.28(9)(a), Fla. Stat. (2007). While battery is an intentional tort, the City may be held liable for an employee’s intentional act(s) as long as the employee is acting within the course and scope of his employment and the act or omission is not committed in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of the plaintiffs rights. See City of Miami v. Simpson, 172 So.2d 435 (Fla.1965) (discussing city’s liability for intentional torts committed by police officers acting within the scope of their employment).
Here, the jury found that Officer One acted within the course and scope of his employment when he committed the battery, and the battery was not done in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of the plaintiffs rights. Section 768.28, therefore, does not provide immunity for the City in light of these findings.
This brings us to the negligent infliction of emotional distress claim.
In Florida, the prerequisites for recovery for negligent infliction of emotional distress differ depending on whether the plaintiff has or has not suffered a physical impact from an external force. If the plaintiff has suffered an impact, Florida courts permit recovery for emotional distress stemming from the incident during which the impact occurred, and not merely the impact itself.
*612 Eagle-Picher Indus., Inc. v. Cox, 481 So.2d 517, 526 (Fla. 3d DCA 1985) (cited with approval in Willis v. Gami Golden Glades, LLC, 967 So.2d 846, 850 (Fla.2007)). Here, the jury found that the plaintiff had been battered, which by definition requires a touching or impact. Recovery for negligent infliction of emotional distress is therefore permitted.
For these reasons we affirm the judgment.[5]

Affirmed.

TAYLOR and CONNER, JJ., concur.

. The complaint contained allegations against three officers, but, at the time of trial, the City’s liability was based upon the actions of Officer One.

. The defense proffered the police chief's testimony that Officer One's actions in the holding cell and transport area were not appropriate and violated policy, and he was fired as a result of this incident. However, the trial court did not allow this testimony to be admitted.

. The verdict form was separated between the holding cell and taser incidents. In each instance, the jury was asked whether the action was within the course and scope of Officer One’s employment, and whether the officer’s actions were malicious or in bad faith. In each incident, the jury found Officer One’s actions were within the course and scope of *610 his employment and not done with malicious purpose or in bad faith.

. This rule also vitiates the City’s argument that a new trial was warranted because the verdict was inconsistent. See Weinstein Design Group, Inc. v. Fielder, 884 So.2d 990 (Fla. 4th DCA 2004).

. We find it unnecessary to address the failure to protect claim for the same reason the error on the negligent retention and supervision claim does not warrant a reversal — the two-issue rule.